O’Neill, J.
In case No. 37276, the commission found the statutory rate base to be $2,637,514, the fair annual rate of return to be 5.75%, and the annual dollar return to be $151,657.
Instead of allowing, as an item of expense, the actual amount of federal income tax which the company would be required to pay upon its annual dollar return (City of Cincinnati v. Public Utilities Commission, 153 Ohio St., 56, 90 N. E. [2d], 681, para *586 graph two of the syllabus), the commission, by the use of the “hypothetical company concept,” allowed $12,747 less for federal income tax expense than the company would be required to pay on its annual dollar return. (See General Telephone Co. v. Public Utilities Commission, 174 Ohio St., 575.)
Thus, $12,747 of the annual dollar return which the commission found the company entitled to receive must be used for the expense of payment of income tax. This reduces the annual dollar return from $151,657 to $138,910. On the basis of a 5.75% fair annual rate of return, which the commission found was fair and proper, this means that the statutory rate base of $2,637,514, found by the commission and agreed to by appellant, was reduced to $2,415,826, a reduction of $221,688.
This reduced rate base does not represent the reconstruction cost new less existing depreciation of the property of the public utility used and useful in rendering public utility service.
This reduction is arbitrary and contrary to law (Sections 4909.04, 4909.05 and 4909.15, Revised Code). Lima Telephone & Telegraph Co. v. Public Utilities Commission, 98 Ohio St., 110, 120 N. E., 330; Lindsey v. Public Utilities Commission, 111 Ohio St., 6, 144 N. E., 729; East Ohio Gas Co. v. Public Utilities Commission, 133 Ohio St., 212, 12 N. E. (2d), 765; City of Marietta v. Public Utilities Commission, 148 Ohio St., 173, 74 N. E. (2d), 74; City of Cleveland v. Public Utilities Commission, 164 Ohio St., 442, 132 N. E. (2d), 216, per curiam opinion, page 443, paragraph numbered 1; Ohio Edison Co. v. Public Utilities Commission, 173 Ohio St., 478, 184 N. E. (2d), 70, paragraph four of the syllabus; General Telephone Co. v. Public Utilities Commission, 174 Ohio St., 575.
If it is argued that the statutory rate base dollar amount is not changed then it must be conceded that an annual dollar return of $138,910 is a return of only 5.26% upon the statutory rate base of $2,637,514, whereas the commission has found that the appellant is entitled to an annual fair rate of return of 5.75%.
This reduction in the annual fair rate of return is arbitrary and contrary to law,
*587 In case No. 37277, the commission found, and the appellant agreed, that the statutory rate base was $1,860,807, and that the proper rate of return should be 5.75%, and the annual dollar return should be $106,996.
Instead of allowing for income tax expense the amount of tax which the appellant would be required to pay under the federal income tax law (City of Cincinnati v. Public Utilities Commission, supra), the commission allowed $13,331 less for such tax expense than would be actually required to be paid.
Thus $13,331 of the annual dollar return which the commission found the company entitled to receive must be used for the expense of payment of income tax. This reduces the annual dollar return from $106,996 to $93,665. On the basis of a 5.75% annual fair rate of return which the commission found was fair and proper, this reduces the statutory rate base from $1,860,807, which was found by the commission and approved by the appellant, to $1,628,956, a reduction of $231,851.
This reduction is arbitrary and contrary to law (Sections 4909.04, 4909.05 and 4909.15, Revised Code). Lima Telephone & Telegraph Co. v. Public Utilities Commission, supra; Lindsey v. Public Utilities Commission, supra; East Ohio Gas Co. v. Public Utilities Commission, supra; City of Marietta v. Public Utilities Commission, supra; City of Cleveland v. Public Utilities Commission, supra; Ohio Edison Co. v. Public Utilities Commission, supra; and General Telephone Co. v. Public Utilities Commission, supra.
If it is argued that the statutory rate base dollar amount is not changed, then it must be conceded that an annual dollar return of $93,665 is a return of only 5.03% on the statutory rate base of $1,860,807, whereas the commission has held that the appellant is entitled to an annual fair rate of return of 5.75%.
This reduction in the annual fair rate of return is arbitrary and contrary to law.
In case No. 37473, the commission found, and the appellant agreed, that the statutory rate base is $1,906,491, and the commission allowed a fair annual rate of return of 6% on the statutory rate basé, and an annual dollar return of $114,389.
Instead of allowing for federal income tax expense the *588 amount which would be actually required to be paid under the federal income tax law, the commission, through the device of the “hypothetical company concept,” allowed $9,029 less for income tax expense than the amount which would be actually required to be paid.
Thus $9,029 of the annual dollar return which the commission has found the company entitled to receive must be used for the expense of payment of income tax. This reduces the annual dollar return from $114,389 to $105,360. On the basis of a 6% fair annual rate of return which the commission found was fair and proper, this reduces the statutory rate base determined by the commission and approved by the appellant from $1,906,491 to $1,756,000, a reduction of $150,491.
This reduced rate base does not represent the reconstruction cost new less existing depreciation of the property of the public utility used and useful in rendering public utility service.
This reduction is arbitrary and contrary to law (Sections 4909.04, 4909.05 and 4909.15, Revised Code). Lima Telephone & Telegraph Co. v. Public Utilities Commission, supra; Lindsey v. Public Utilities Commission, supra; East Ohio Gas Co. v. Public Utilities Commission, supra; City of Marietta v. Public Utilities Commission, supra; City of Cleveland v. Public Utilities Commission, supra; Ohio Edison Co. v. Public Utilities Commission, supra; and General Telephone Co. v. Public Utilities Commission, supra.
If it is argued that the statutory rate base dollar amount is not changed, then it must be conceded that an annual dollar return of $105,360 is a return of only 5.53% on the statutory rate base of $1,906,491, whereas the commission has held that the appellant is entitled to an annual fair rate of return of 6%.
This reduction in the annual fair rate of return is arbitrary and contrary to law.
This court is not passing upon the alleged errors concerning the fair annual rate of return. The commission may reexamine this matter in each of these cases and make a determination of the fair annual rate of return, based upon the competent evidence in the record of each case.
The other errors complained of in these cases are without merit. The questions of law involved have been determined by *589 this court in prior decisions. See Cincinnati Gas & Electric Co. v. Public Utilities Commission, 173 Ohio St., 473,184 N. E. (2d), 84, and Ohio Edison Co. v. Public Utilities Commission, supra.
The orders are reversed and the causes remanded for further proceedings.

Orders reversed.

Zimmerman, Matthias, Grieeith and Herbert, JJ., concur. (For concurring opinions by Zimmerman, J., and Herbert, J., see pages 581 and 582.)